IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terrell Thompson, | C/A No. 8:20-886-CMC |
| Petitioner, | |
| v. | **Opinion and Order** |
| Charles Williams, Warden, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition filed in this court pursuant to 28 U.S.C. §2254, challenging his convictions in state court for first degree burglary and strong arm robbery. ECF No. 1. He argues his indictment was invalid and requests early release. *Id.* In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Jacqueline D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On March 2, 2020, the Magistrate Judge issued a Report recommending this matter be dismissed as successive. ECF No. 8. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections on March 12, 2020. ECF No. 12.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court

reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Petitioner objects to the Report, arguing his indictment on the state court charges was a "nullity which violate the Federal 14 Amendment of Due Process of Law." ECF No. 12 (errors in original). Petitioner does not address the successive nature of his petition in his objections.

Petitioner challenges the same convictions contested in a previous petition filed at Civil Action No. 8:18-cv-3361. In fact, he contended in that matter the indictment, for the same state charges, was invalid, albeit for a different reason. In the previous § 2254, the court granted summary judgment to Respondent because the petition was untimely and equitable tolling did not apply. *Id.* at ECF No. 28.

Because Petitioner's previous § 2254 petition was dismissed on the merits, the instant petition is successive in nature and the court is without jurisdiction to consider it. Accordingly, after *de novo* review, the court adopts and incorporates the Report and Recommendation by reference in this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

# CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 19, 2020